HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MICHAEL J. COLLINS, pro se,

    Plaintiff,

v.

WASHINGTON STATE L&I; and DAVID A. IVERSON,

    Defendants.

Case No. C10-5011 RBL

ORDER TO SHOW CAUSE REGARDING JURISDICTION

This matter comes before the Court on Plaintiff's Application to Proceed in Forma Pauperis (IFP). The Court is unable to rule on the IFP because it is unclear from Plaintiff's Complaint, which was lodged with the Court on January 11, 2010, whether this Court has jurisdiction.

Plaintiff claims that this Court has jurisdiction because even though the state court reviewed his Industrial Insurance Act claims, it did not address his "Federal Constitutional issues." *See* Plaintiff's Complaint. Indeed, 28 U.S.C. § 1331 provides that the district court has jurisdiction over claims arising under the U.S. Constitution or other federal laws. But to the extent Plaintiff requests this Court to review a decision of a state court, this Court has no jurisdiction to review such a decision. *See Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 415-16 (1923); *Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486-87 (1983). A district court must give full faith and credit to state court judgments, even if the state court erred by refusing to consider a party's federal claims. *See Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 293, 125 S.Ct. 1517 (2005).

ORDER
Page - 1

1 　　　If Plaintiff presents some independent federal claim that does not require review of the state court
2 decision, then jurisdiction may be present. *Id.* at 293. If, however, Plaintiff seeks review in federal court for
3 the injury caused by the state court decision, (in other words, that the state court judgment violates his
4 constitutional rights), then this Court does not have jurisdiction. *See Feldman,* 460 U.S. at 486-87. Plaintiff
5 has provided insufficient information on his constitutional issues for the Court to make this determination.

　　　Therefore, it is hereby **ORDERED** that the Plaintiff shall show cause regarding jurisdiction no later than twenty-one days from the date of this Order. Plaintiff shall explain in writing: 1) his state court claims, 2) the state court's ruling on those claims, and 3) the nature of his constitutional issues. Upon receipt of such information, the Court will consider Plaintiff's IFP application. If Plaintiff fails to respond to this Order, or fails to adequately set forth this Court's jurisdiction, the Court may dismiss this action without prejudice without further notice to the Plaintiff.

　　　DATED this 19th day of January, 2009.

　　　　　　　　　　　　　　　　　　RONALD B. LEIGHTON
　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE